

**VIA ECF**

Hon. James Cho
225 Cadman Plaza East
Brooklyn NY 11201

May 20, 2022

Re: Santiago v. Bismilla 1 Corporation et l

Your Honor,

    This firm represents Plaintiff Santiago in the above-referenced matter. Plaintiff writes jointly with Defendants to request Court approval of their settlement pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015).

    The Parties have agreed to a Settlement Agreement and General Release for the plaintiff ("the Agreement"), attached hereto as Exhibit A, which resolve all of Plaintiff's wage and hour claims against Defendants. Plaintiff has agreed to settle all his claims in this action and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement.

    The Agreement is the result of arms-length bargaining between the Parties. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiffs' claims asserted in this case as outlined more specifically in the attached Agreement. The Parties have concluded that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests.

For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

*Lina Stillman, Esq.*

I. **Statement of the Case**

Hon. James Cho
Southern District of New York
May 20, 2022
Page 2

This is an action for money damages brought by Plaintiff. Plaintiff filed a Complaint in this action, alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). Specifically, Plaintiff was employed in Defendant's pharmacy drug store in Brooklyn.

Plaintiff alleges Defendants engaged in a wide variety of FLSA and NYLL violations, including failure to pay their appropriate overtime and violation of the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. §195).

Defendants deny these allegations. The Parties acknowledge there are risks to both sides in proceeding with litigation, as well as significant burdens and expenses in establishing their respective positions through a trial.

### II. The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay Plaintiff a total sum of $2,000 to settle all his claims. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Here, the Parties' counsel engaged in extensive telephonic and electronic settlement negotiations over the course of several weeks and reviewing documents; and were able to come to an agreement in a relatively short amount of time.

Plaintiff believes that this settlement is a fair and adequate result, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."). Plaintiff himself ultimately chose the certainty of an agreed-upon settlement, which also allowed them to avoid the uncertainties of trial. The Parties' mutual desire is that with the resolution of this action, it brings closure to all matters between them.

### III. Plaintiffs' Attorney's Fees are Fair and Reasonable

Hon. James Cho
Southern District of New York
May 20, 2022
Page 3

    Under the settlement, the Plaintiffs' counsel will receive $1,000 from the total settlement amount as attorney's fees.  This represents a third (33.33%) of $666.66 of the settlement amount and constitutes the number reflected in the retainer agreement and includes costs of $552 ($402 and $150 for process service).

    The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.  *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

    There is ample authority in this circuit holding that a 33.33% attorneys' fee is well within the range of fees typically awarded in wage and hour cases. See Castaneda v. My Belly's Playlist LLC. No. 15 Civ. 1324 (JCF)(S.D.N.Y. Aug. 2015) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 NGG VMS, 2014 WL 6621081, at *9 (E.D.N.Y. Nov. 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."); Clark v. Ecolab, Inc., No. 07 Civ. 8623 (PAC), 2010 WL 1948198, at *8-9 (S.D.N.Y. May 11, 2010) (awarding 33% of $6 million settlement fund in FLSA and multi-state wage and hour case); McMahon v. Olivier Cheng Catering & Events, LLC, No. 08 Civ. 8713 (PGG), 2010 WL 2399328, at *7 (S.D.N.Y. Mar. 3, 2010) (awarding 33% of the $400,000 settlement fund); deMunecas v. Bold Food, LLC, 2010 WL 3322580, at *4 (S.D.N.Y. Aug. 23, 2010) (awarding 33% of an $800,000 fund in an FLSA case); Beckman v. KeyBANK, NA, 293 F.R.D. 467, 481 (S.D.N.Y.2013) (awarding 33% of a $4.9 million settlement fund which amounted to $1.6 million in an FLSA class action).

    A brief biography of the attorney who performed billed work in this matter is as follows:

        a. Lina Stillman and has been practicing law since 2012.  From 2012-2015, she was an associate at two (2) law firms where she practiced exclusively in the areas of Labor and Employment with emphasis on wage and hour litigation. She opened her law firm in response to the immigrant community's need for Spanish and Portuguese-speaking attorneys to care for their interests exclusively. Miss Stillman speaks fluent Spanish, Italian and Portuguese.
She is an active member of the LGBT Rights Committee of the New York City Bar Association and active Pro Bono Counsel at the Associations Bankruptcy Clinic, and the New York Chapter of the National Employment Lawyers Association.

Hon. James Cho
Southern District of New York
May 20, 2022
Page 4

**<u>Conclusion</u>**

   Plaintiff was represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of Mr. Santiago. Plaintiffs' interests have thus been adequately safeguarded.  In full consideration of all the issues, we believe that the Parties' agreement is fair and reasonable, and that the settlement should be approved.

            Respectfully submitted,

            <u>/s/Lina Stillman</u>